IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KAITLYN VICKERS, On Behalf of Herself and All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>REVELETTE ENTERPRISES, LLC, REVELETTE HOSPITALITY, LLC, ARJN, LLC, ARJN #3, LLC, JONATHAN'S GRILLE – GREEN HILLS, LLC, JONATHAN'S GRILLE – HENDERSONVILLE, LLC, JONATHAN'S GRILLE – SPRING HILL, LLC, JONATHAN'S GRILLE – MURFREESBORO, LLC, JONATHAN'S GRILLE – PROVIDENCE, LLC, JONATHAN'S GRILLE – EAST RIDGE, LLC, JONATHAN'S GRILLE – CLIFT FARMS, LLC, THE RUTLEDGE RESTAURANT, LLC, THE RUTLEDGE – FOUR SEASONS NASHVILLE, LLC, MASON REVELETTE, and CURTIS REVELETTE,<br><br>*Defendants*. | COLLECTIVE ACTION<br><br>CASE NO. _____<br><br>JUDGE _____<br><br>JURY DEMAND |

**COLLECTIVE ACTION COMPLAINT**

1. Plaintiff Kaitlyn Vickers ("Plaintiff") brings this action against Defendants Revelette Enterprises, LLC, Revelette Hospitality, LLC, ARJN, LLC, ARJN #3, LLC, Jonathan's Grille – Green Hills, LLC, Jonathan's Grille – Hendersonville, LLC, Jonathan's Grille – Spring Hill, LLC, Jonathan's Grille – Murfreesboro, LLC, Jonathan's Grille – Providence, LLC, Jonathan's Grille – East Ridge, LLC, Jonathan's Grille – Clift Farms, LLC, The Rutledge Restaurant, LLC, The Rutledge – Four Seasons Nashville, LLC, Mason Revelette, and Curtis Revelette (collectively, "Defendants"), to recover unpaid minimum and overtime wages,

liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff asserts these claims as a collective action on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. Defendants comprise a single enterprise that owns and operates several restaurants at which Plaintiff and those similarly situated have worked as tipped employees (including, but not limited to, servers and bartenders), including Jonathan's Grille restaurants in Tennessee and Alabama and The Rutledge restaurant in Tennessee. Defendants generally paid Plaintiff and those she seeks to represent an hourly wage lower than $7.25 per hour under the tip credit provisions of the FLSA. Defendants, however, failed to satisfy the requirements for utilizing the tip credit to meet their minimum-wage and overtime obligations to their tipped employees by: (1) requiring tipped employees to share tips with non-tipped employees who have no or insufficient customer interaction; (2) requiring tipped employees to spend more than 20% of their shifts performing non-tip-producing work while paid at the lower, tipped hourly rate; and (3) shifting business expenses to tipped employees by requiring them to purchase uniforms and equipment.

3. As a result of these violations, Defendants are not permitted to rely on the "tip credit" to satisfy their minimum wage and overtime obligations under the FLSA and therefore have failed to pay the required minimum wage, pursuant to 29 U.S.C. § 206, and overtime wage, pursuant to 29 U.S.C. § 207. Plaintiff and those she seeks to represent are therefore entitled to recover the statutory $7.25 per hour minimum wage (and $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek), liquidated damages, and all attorneys' fees and costs. 29 U.S.C. § 216(b). Plaintiff asserts these FLSA claims as a collective action, on behalf of herself and all others similarly situated, pursuant to pursuant to 29 U.S.C. § 216(b).

## I. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and raise a federal question pursuant to 28 U.S.C. § 1331.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and conducts business in this district.

## II. PARTIES

6. Plaintiff Vickers is over the age of nineteen (19) and is a resident of Franklin, Williamson County, Tennessee. Plaintiff was employed by Defendants from approximately 2015 through April of 2022, and worked as a server, a bartender, and a manager. Specifically, Plaintiff worked as a server from approximately 2015 through April of 2022 and as a bartender from 2016 through April of 2022. When working as a server and as a bartender, Plaintiff was paid an hourly wage below $7.25 per hour plus tips (*i.e.*, Plaintiff was a tipped employee). As a tipped employee, Plaintiff worked at the Jonathan's Grille Cool Springs, Tennessee restaurant location.

7. Plaintiff brings this action on behalf of herself, and all similarly situated employees who worked as tipped employees for Defendants at their Jonathan's Grille and / or The Rutledge restaurant locations.

8. Defendant Revelette Enterprises, LLC, is a Tennessee limited liability company with its principal address at 5209 Colfax Court, Brentwood, Tennessee, 37027-3013.

9. Defendant Revelette Hospitality, LLC, is a Tennessee limited liability company with its principal address at 717 3rd Avenue North, Nashville, Tennessee, 37201-1018.

10. Defendant ARJN, LLC, is a Tennessee limited liability company with its principal address at 7135 South Springs Drive, Franklin, Tennessee, 37067-1616.

11. Defendant ARJN #3, LLC, is a Tennessee limited liability company with its

principal address at 7653 Highway 70 South, Nashville, Tennessee 37221-1706.

12. Defendant Jonathan's Grille – Green Hills, LLC, is a Tennessee limited liability company with its principal address at 717 3rd Avenue North, Nashville, Tennessee, 37201-1018.

13. Defendant Jonathan's Grille – Hendersonville, LLC, is a Tennessee limited liability company with its principal address at 307 Indian Lake Boulevard, Hendersonville, Tennessee 37075-6218.

14. Defendant Jonathan's Grille – Spring Hill, LLC, is a Tennessee limited liability company with its principal address at 2056 Crossings Circle, Spring Hill, Tennessee, 37174-2779.

15. Defendant Jonathan's Grille – Murfreesboro, LLC, is a Tennessee limited liability company with its principal address at 2911 Medical Center Parkway, Murfreesboro, Tennessee, 37219-2282.

16. Defendant Jonathan's Grille – Providence, LLC, is a Tennessee limited liability company with its principal address at 613 South Mount Juliet Road, Mount Juliet, Tennessee, 37122-6319.

17. Defendant Jonathan's Grille – East Ridge, LLC, is a Tennessee limited liability company with its principal address at 7135 South Springs Drive, Franklin, Tennessee, 37067-1616.

18. Defendant Jonathan's Grille – Clift Farms, LLC, is an Alabama limited liability company that has not listed its principal address with the Alabama Secretary of State.

19. According to Madison County property records, Defendant Jonathan's Grille – Clift Farms, LLC, which corresponds to Jonathan's Grille's Clift Farms location, occupies a property at 8184 Highway 72 West, Madison, Alabama, which is owned by Defendant Revelette Enterprises, LLC.

20. Defendant The Rutledge Restaurant, LLC, is a Tennessee limited liability company

with its principal address at 105 International Drive, Franklin, Tennessee 37067-1760.

21. Defendant The Rutledge – Four Seasons Nashville, LLC, is a Tennessee limited liability company with its principal address at 717 3rd Avenue North, Nashville, Tennessee, 37201-1018.

22. Defendants Revelette Enterprises, LLC, Revelette Hospitality, LLC, ARJN, LLC, ARJN #3, LLC, Jonathan's Grille – Green Hills, LLC, Jonathan's Grille – Hendersonville, LLC, Jonathan's Grille – Spring Hill, LLC, Jonathan's Grille – Murfreesboro, LLC, Jonathan's Grille – Providence, LLC, Jonathan's Grille – East Ridge, LLC, Jonathan's Grille – Clift Farms, LLC, The Rutledge Restaurant, LLC, and The Rutledge – Four Seasons Nashville, LLC, are referred to collectively as the "Entity Defendants."

23. Upon information and belief, Defendant Mason Revelette resides in Davidson County at 1616 West End Avenue, Unit 1711, Nashville, Tennessee, 37203.

24. Upon information and belief, Defendant Curtis Revelette resides in Davidson County at 4 Morningside, Nashville, Tennessee, 37215.

25. Defendants Mason Revelette and Curtis Revelette are referred to collectively as the "Individual Defendants."

26. The Individual Defendants own, operate, oversee, manage, and profit from the Jonathan's Grille and The Rutledge restaurants.

27. The Individual Defendants hold themselves out publicly as owners and executives of the Jonathan's Grille and The Rutledge restaurants.

28. The Individual Defendants directly supervise and have supervised the management employees, including Plaintiff and those similarly situated, and day-to-day operations of the Jonathan's Grille and The Rutledge restaurants.

29. The Individual Defendants employ all employees of the Jonathan's Grille and The Rutledge restaurants and make all decisions regarding the manner and method of payment of employees, including management employees such as Plaintiff and those similarly situated.

30. The Individual Defendants own and operate the Jonathan's Grille and The Rutledge restaurants and exercise their authority as employers through the Entity Defendants.

31. The Entity Defendants share common management and ownership, including for example the Individual Defendants and, as reported in the media in April 2022, a single Chief Financial Officer, Ted Moats.

32. The Entity Defendants rely on common registered agents who can be served at a common group of addresses.

33. The Entity Defendants rely on common addresses as principal places of business.

34. The Entity Defendants share and use common properties owned by other Entity Defendants.

35. In sum, together all Defendants act as a single business enterprise that owns, operates, oversees, manages, and profits from the Jonathan's Grille and The Rutledge restaurants.

36. At all relevant times, Defendants have been regularly engaged in interstate commerce and/or the production of goods for interstate commerce.

37. At all relevant times, Defendants have been employers within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

### III. FACTS

38. Plaintiff and similarly situated employees are current and former servers and bartenders of Defendants at their Jonathan's Grille and The Rutledge restaurant locations, who earned less than $7.25 per hour and received customer tips ("Tipped Employees").

39. Defendants pay Plaintiff and other Tipped Employees an hourly wage below $7.25 per hour.

40. Defendants purport to utilize a tip credit for each hour worked by Plaintiff and other Tipped Employees to comply with the FLSA's required minimum wage of $7.25 per hour (and $10.88 per overtime hour). *See* 29 § U.S.C. §§ 203(m), 206, 207.

41. Because Defendants take a tip credit under the FLSA for their Tipped Employees, Defendants must meet all statutory requirements for counting a portion of tips received by their employees as satisfying the statutory minimum wage.

42. Defendants to not meet these statutory requirements for claiming a tip credit towards the minimum wage.

43. Defendants have a policy and / or practice of requiring Plaintiff and other Tipped Employees to share a portion of the tips they receive from customers with back-of-house employees (such as dishwashers), with no or insufficient customer interaction.

44. The FLSA does not permit tip-sharing arrangements in which Tipped Employees share their tips with non-tipped employees who have no or insufficient customer interaction.

45. Where there is an invalid tip-sharing arrangement, an employer may not utilize the tip credit.

46. Defendants require Tipped Employees to spend more than 20% of each shift on non-tip-producing tasks while paid at tipped hourly rate of less than $7.25 per hour.

47. For example, Plaintiff Vickers spent more than 20% of her shifts performing non-tip-producing tasks tasks while being paid at tipped hourly rate of less than $7.25. Some of these non-tip-producing tasks included, but were not limited to, rolling silverware, cleaning floors, windows, tables, chairs, and bar surfaces, etc., setting up tables and chairs for customer service,

brewing coffee and tea, refilling condiments, etc.

48. Employers may not utilize the tip credit when they require employees to spend more than 20% of each shift performing non-tip-producing work at a lower tipped hourly rate.

49. Defendants also shift their business expenses to their Tipped Employees by requiring them to pay for uniforms and equipment.

50. For example, when Plaintiff Vickers worked for Defendants, she was required to purchase order pads and boxes of pens, both necessary to write down customer orders.

51. Plaintiff Vickers was never reimbursed by Defendants for these items.

52. By requiring Tipped Employees to purchase uniforms and equipment for their jobs, Defendants caused them to receive less than the statutory minimum wage.

53. Shifting business expenses to Tipped Employees disqualifies Defendants from claiming a tip credit.

54. Defendants knew or should have known that their compensation practices and / or policies for Tipped Employees violates the FLSA.

55. Defendants willfully violated the FLSA by having a policy and / or practice that required their Tipped Employees to share their earned tips with back-of-house employees with no or insufficient customer interaction.

### IV. COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of all similarly situated individuals who fall into the following definition and join this action by filing a consent form:

> All current and former Tipped Employees (as defined herein) of Defendants' at their Jonathan's Grille and / or The Rutledge restaurant locations at any time since December 1, 2019.

57.     Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the Collective Class worked pursuant to the common pay policies and / or practices described herein. Accordingly, Plaintiff and Tipped Employees are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and associated decisional law.

## V. CAUSES OF ACTION

### COUNT I
### Violations of the FLSA's Minimum and Overtime Wage Requirements

58.     All previous paragraphs are incorporated as though fully set forth herein.

59.     Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

60.     At all times material to the allegations herein, Plaintiff and those she seeks to represent were employees of Defendant and entitled to the FLSA's protections.

61.     Defendants are employers covered by the FLSA.

62.     The FLSA requires employees be paid for all time worked.

63.     The FLSA entitles employees to a minimum hourly wage of $7.25 per hour for every hour worked. *See* 29 U.S.C. § 206(a).

64.     The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) hours in a workweek. *See* 29 U.S.C. § 207.

65.     While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. See 29 U.S.C. §§ 203(m) and 203(t).

66.     Defendants failed to meet all the FLSA's tip-credit requirements, as set forth above.

67.     Defendants' violations of the FLSA were willful because they knew or should have

known that their pay policies and/or practices violate clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. A finding that Defendants have violated the FLSA;

B. A finding that Defendants' FLSA violations are willful;

C. A judgment against Defendants and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages Defendants have failed and refused to pay in violation of the FLSA;

D. Prejudgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the FLSA;

F. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and,

G. Such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: December 1, 2022

Respectfully submitted,

/s/David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com